(No. 85-CC-2600—)

ALICE TEXTOR, DEBORAH BRUE and ROBERTA FARRICK, Claimants, *v*. THE STATE OF ILLINOIS, Respondent.

*Order filed August 8, 1985.*

EDWARD F. DIEDRICH, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This claim is before the Court of Claims following the filing of a joint stipulation whereby the parties agreed as follows:

1. Respondent Board of Regents is a body corporate and politic and an agency of the State of Illinois. Ill. Rev. Stat. 1983, ch. 144, par. 301 *et seq.*

2. The claim in this cause is made against Respondent in its capacity as an agency of the State of Illinois and is brought under sections 8(a) and (b) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.8).

3. The claim in this cause is not made under "An Act to provide representation and indemnification" (Ill. Rev. Stat. 1983, ch. 127, par. 1301 *et seq.*).

4. Claimants were employed by the Board of Regents as physical education instructors and coaches of various sports teams at Northern Illinois University.

5. Northern Illinois University is an institution of higher education established by the State of Illinois; operated, managed, controlled and maintained by the Board of Regents, the Respondent.

6. During their employment as instructors and coaches at Northern Illinois University, Claimants were allegedly discriminated against by reason of their sex in violation of Federal statutory and constitutional rights and prohibitions.

7. As a result of the alleged discrimination, the Claimants filed, individually and on behalf of all other persons similarly situated, complaints for equitable, declaratory, monetary and other relief as civil actions in the United States District Court for the Northern District

of Illinois, Eastern Division, in cause No. 80 C 378 and cause No. 80 C 379, naming the Respondent Board of Regents *et al.* as Defendants.

8. On April 12, 1985, after a trial of the cause, the District Court entered judgment for the Claimants consisting of an award of damages.

9. Claimants then attempted to collect their judgment in the United States District Court, but were ultimately required to file in the Illinois Court of Claims.

10. Among other things, the United States District Court judgment provided for payment of $42,500.00 to the Claimants.

11. The payment provided for in said judgment and set forth in paragraph 10 above should be made and an award of said sum should be made by this Court.

We have reviewed the record. The joint stipulation is corroborated by the record. There is nothing more for us to consider. In matters such as the one at bar this Court is but a vehicle for payment. Actually, whether or not this Court concurs with the parties' joint stipulation and enters an award is immaterial because if the Federal court has jurisdiction to enter an order which is the subject of this claim (and it unquestionably does) the Federal court can enforce its order and require the State to pay regardless of any action by this Court and/or any action by the legislature.

It is hereby ordered that the Claimants, Alice Textor, Deborah Brue, and Roberta Farrick be and are hereby awarded the sum of $42,500.00.